UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brunswick Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Simon Performance Technology, Inc., a California general stock corporation,<br>and<br><br>Eric T. Simon, an individual,<br><br>Defendants. | Case No. 3:20-cv-00889-BEN-AHG<br><br>**ORDER GRANTING JOINT MOTION ENTERING CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>**(DOC. NO. 13)** |

On May 12, 2020, Plaintiff Brunswick Corporation ("Brunswick") filed a Complaint seeking a permanent injunction, damages and other relief against Defendants Simon Performance Technology, Inc. and Eric T. Simon, and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendant for infringement of Brunswick's

copyrights to its Mercury L6 Verado software and Mercury Great White software under 17 U.S.C. § 501 and for violations of the Digital Millennium Copyright Act under 17 U.S.C. §§ 1201(a)(1), 1201(a)(2), and 1201(b)(1).

Plaintiff and Defendants have now agreed to entry of this Stipulated Consent Judgment and Permanent Injunction to resolve all matters in dispute between them in this action.  Plaintiff and Defendants have consented to entry of this Judgment without trial or adjudication of any issue of law or fact herein.

**NOW, THEREFORE**, Plaintiffs and Defendant having requested the Court to enter this Judgment, it is hereby ordered, adjudged, and decreed:

## STIPULATED FINDINGS OF FACT

1. This Court has jurisdiction of the subject matter of this case and over all parties hereto.

2. The Complaint states claim upon which relief may be granted against the Defendants under 17 U.S.C. §§ 501, 1201(a)(1), 1201(a)(2), and 1201(b)(1).

3. Venue in the United States District Court for the Southern District of California, San Diego Division is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

4. The balance of hardships and public policy favor the issuance of a permanent injunction in favor of Brunswick.

5. The parties agree that no bond should be required.

6. An injunction will not adversely affect and is in the public interest.

7. Brunswick, through its unincorporated division Mercury Marine ("Mercury") manufactures marine engines and propulsion systems.

8. Mercury engines are controlled using software embedded on a control module typically referred to as an engine control unit (ECU), engine control module (ECM), or powertrain control module (PCM).

9. Brunswick owns all rights, title, and interest in and to the Mercury L6 Verado software are registered as TX8-837-639 (Verado Engine Control MY2007p4) TX8-858-294 (Verado Engine Control LEG14) and to the Mercury Great White software are registered as TX8-837-854 (Great White Engine Control 2018) and TX8-837-635 (Great White Engine Control 2019).

10. Brunswick employs at least one technological measure for controlling access to Mercury's L6 Verado software and protecting a copyright in Mercury's L6 Verado software. Brunswick also employs at least one technological measure for controlling access to Mercury's Great White software and protecting a copyright in Mercury's Great White software.

11. The Mercury L6 Verado software and Mercury Great White software are valuable assets of Brunswick and represent a significant investment of research and development costs.

12. Defendants promoted their products and services on their websites simonmotorsports.com and simonperftech.com.

13. Defendants promoted, offered for sale and sold products and services for upgrading Mercury engines, including upgrade tools and "tunes" for Mercury engines.

14. Defendant Eric T. Simon personally engaged in offering and selling upgrade tools and "tunes" for Mercury engines for and on behalf of Defendant Simon Performance Technology and/or directed and controlled the acts of Defendant Simon Performance Technology related to offer and sale of upgrade tools and "tunes" for Mercury engines and benefitted financially from such acts.

15. Defendants, in the course of offering and selling upgrade tools and "tunes" for Mercury engines, and without authorization, have reproduced and copied Mercury's L6 Verado software and Great White software; have created derivative works based upon Mercury's L6 Verado software and Great White

3

software; and/or have distributed copies of Mercury's L6 Verado software and Great White software to the public by sale or other transfer.

16. Defendants, in the course of offering and selling upgrade tools and "tunes" for Mercury engines, and without authorization, have circumvented technological measures that control access to Mercury's L6 Verado software and/or Great White software.

17. Defendants, in the course of offering and selling upgrade tools and "tunes" for Mercury engines, and without authorization, have offered to the public and provided, technology, products, services, devices, components, or parts thereof, that are primarily designed or produced for the purpose of circumventing a technological measure controlling access to Mercury's L6 Verado software and/or Great White software, that have only limited commercially significant purpose or use other than to circumvent such technological measures, and that are marketed by Defendants or those acting in concert with Defendants, with Defendants' knowledge for use in circumventing a technological measure controlling access to Mercury's L6 Verado software and/or Great White software.

18. Defendants, in the course of offering and selling upgrade tools and "tunes" for Mercury engines, and without authorization, have offered to the public and provided technology, products, services, devices, components, or parts thereof, that are primarily designed or produced for the purpose of circumventing protection afforded by a technological measure protecting a copyright in Mercury's L6 Verado software and/or Great White software, that have only limited commercially significant purpose or use other than to circumvent such protection, and that are marketed by Defendants or those acting in concert with Defendants, with Defendants' knowledge for use in circumventing such protection.

19. Defendants, Simon Performance Technology, Inc. and Eric T. Simon, agree to entry of this Stipulated Consent Judgment and Permanent Injunction to

resolve all matters of dispute between Defendants and Plaintiff arising out of the allegations in Plaintiff's Complaint, and Defendants agree to be bound by this Stipulated Consent Judgment and Permanent Injunction.

20. Defendants have waived all rights to seek judicial review or otherwise challenge or contest the validity of this Judgment, and further waive and release any claim Defendants may have against Plaintiff and its employees and agents, including any rights that may arise for attorney fees or other costs.

21. The parties shall each bear their own costs and attorneys' fees incurred in this action.

## STIPULATED CONCLUSIONS OF LAW

1. Defendants, in the course of offering and selling upgrade tools and "tunes" for Mercury engines, and without authorization, have infringed Brunswick's copyrights in the Mercury L6 Verado software in violation of 17 U.S.C. § 501 by reproducing copies of the Mercury L6 Verado software, preparing derivative works based on the Mercury L6 Verado software, and/or distributing copies of the Mercury L6 Verado software or the derivative works.

2. Defendants, in the course of offering and selling upgrade tools and "tunes" for Mercury engines, and without authorization, have infringed Brunswick's copyrights in the Mercury Great White software in violation of 17 U.S.C. § 501 by reproducing copies of the Mercury Great White software, preparing derivative works based on the Mercury Great White software, and/or distributing copies of the Mercury Great White software or the derivative works.

3. Defendants, in the course of offering and selling upgrade tools and "tunes" for Mercury engines, and without authorization, have contributorily infringed Brunswick's copyrights in the Mercury L6 Verado software and the Mercury Great White software by knowingly inducing, causing, or materially contributing to copyright infringement by another having knowledge, or reason to

know, of the infringement, through marketing, use, and distribution of upgrade tools and "tunes" for Mercury L6 Verado engines, Mercury V6 engines, and Mercury V8 engines.

4. Defendants circumvented technological measures that control access to Mercury's L6 Verado software and Great White software in violation of 17 U.S.C. § 1201(a)(1).

5. Defendants offered to the public and provided technology, products, services, devices, components, or parts thereof, that are primarily designed or produced for the purpose of circumventing a technological measure controlling access to Mercury's L6 Verado software and Great White software, that have only limited commercially significant purpose or use other than to circumvent such technological measures, and that are marketed by Defendants or those acting in concert with Defendants, with Defendants' knowledge for use in circumventing a technological measure controlling access to Mercury's L6 Verado software and Great White software in violation of 17 U.S.C. § 1201(a)(2).

6. Defendants offered to the public and provided technology, products, services, devices, components, or parts thereof, that are primarily designed or produced for the purpose of circumventing protection afforded by a technological measure protecting copyrights in Mercury's L6 Verado software and Great White software, that have only limited commercially significant purpose or use other than to circumvent such protections, and that are marketed by Defendants or those acting in concert with Defendants, with Defendants' knowledge for use in circumventing such protection in violation of 17 U.S.C. § 1201(b)(1).

7. As a direct and proximate result of Defendants' actions, Brunswick has been irreparably harmed, including damage to its business and reputation, and Brunswick will continue to be irreparably harmed unless and until Defendant ceases offering and selling upgrade tools and "tunes" for Mercury engines.

6

8. As a direct and proximate result of Defendants' actions, Brunswick has been damaged, and is entitled to compensatory and statutory damages.

## JUDGMENT AND ORDER

Accordingly, Judgment is hereby entered in favor of the Plaintiff, Brunswick Corporation, and against Defendants Simon Performance Technology, Inc. and Eric T. Simon.

**IT IS THEREFORE ORDERED** that Simon Performance Technology, Inc. and Eric T. Simon, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with are **PERMANENTLY AND IMMEDIATELY ENJOINED** from directly or indirectly from:

A. from infringing Brunswick's copyrights by offering, selling or otherwise providing products or services that violate Brunswick's copyrights, including offering, selling or otherwise providing upgrade tools and "tunes" for Mercury engines;

B. from violating the anti-circumvention provisions of Digital Millennium Copyright Act by offering, selling or otherwise providing upgrade tools and "tunes" for Mercury engines;

C. offering, selling or otherwise providing, in any manner, products or services for upgrading any Mercury ECU, ECM, or PCM;

D. offering, selling or otherwise providing, in any manner, any end user flash tool to upgrade any Mercury ECU, ECM, or PCM;

E. offering, selling or otherwise providing, in any manner, any "tunes" for any Mercury engine;

F. challenging in any manner, or assisting any third party in challenging, the validity or Brunswick's ownership of U.S. Copyright Registration Nos. TX8-837-639 (Verado Engine Control MY2007p4), TX8-858-294 (Verado Engine

Control LEG14), TX8-837-854 (Great White Engine Control 2018) or TX8-837-635 (Great White Engine Control 2019); and

  G. otherwise engaging in any other acts or conduct that would infringe Brunswick's copyrights or violate the anti-circumvention provisions of Digital Millennium Copyright Act applicable to Brunswick's products.

  **IT IS FURTHER ORDERED** that Simon Performance Technology, Inc. and Eric T. Simon, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with:

  H. turn over to Plaintiff or destroy all products that violate Brunswick's copyrights or violate the anti-circumvention provisions of Digital Millennium Copyright Act applicable to Brunswick's products, including all upgrade tools and "tunes" for Mercury engines;

  I. turn over to Plaintiff or destroy all advertising paraphernalia, kits, labels, signs, prints, packages, containers, stationery, promotion materials, clothing, advertising and other items, whether in physical, electronic, or other form, that advertise or promote services for violating Brunswick's copyrights or the anti-circumvention provisions of Digital Millennium Copyright Act applicable to Brunswick's products;

  J. abide by the terms and conditions of the separately executed Confidential Settlement Agreement between the parties;

  This Court will retain jurisdiction over any disputes between the parties, their heirs, successors, and assigns with respect to enforcement of this Stipulated Consent Judgment and Permanent Injunction and any settlement agreement entered into between Plaintiff and Defendants regarding this litigation.

  IT IS SO ORDERED.

Dated: July 7, 2020

_____
Hon. Anthony J. Battaglia
United States District Judge